UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EYLEM TOK,<br>    Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, Warden<br>    Respondent. | C.A. No. 25-cv-371-MRD-PAS |

## ORDER GRANTING MOTION TO STAY

On January 14, 2026, this Court denied Eylem Tok's petition for writ of habeas corpus, which sought relief from an Order certifying her extradition to Türkiye. Ms. Tok filed a notice of appeal (ECF No. 41) as well as a motion to stay her extradition (ECF No. 43) pending appellate review of this Court's January 14 Memorandum & Order ("January 14 M&O") and for seven days following any certification of extradition by the Secretary of State. The Government assents to Tok's request to stay her surrender for seven days if the Secretary of State issues a surrender warrant but opposes her request for a stay pending appeal. For the reasons explained below, the Court GRANTS the motion to stay.

Pursuant to Fed. R. App. P. 8(a)(1), a party "must ordinarily move [for a stay] first in the district" before seeking a stay pending appeal from the court of appeals, which means this Court has jurisdiction to consider this motion even with the appeal of its prior order pending at the Circuit. In evaluating a request for stay pending appeal, the Court must examine the following four factors: "(1) whether the stay

applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors— likelihood of success on the merits and irreparable harm — "are the most critical." *Id.* at 434. The last two factors merge when the Government is the opposing party. *Id.* at 435.

Beginning the analysis with the first factor, Petitioner Tok argues that she is likely to succeed on two issues examined in the January 14 M&O: those addressing dual criminality and the Fourth and Fifth Amendment. The Court will only address the latter. As a reminder, in the petition for writ of habeas corpus, Petitioner Tok argued that she was arrested and detained on a warrant that had not been supported by probable cause. *See* ECF No. 29-1 at 19–21. After the Court heard argument on the petition, it requested supplemental memoranda from the parties on whether her Fourth and Fifth Amendment rights had been violated. *See* ECF Nos. 37, 38.

The Court acknowledges that its ruling on this issue was a close call and believes this is an important issue that will benefit from consideration by the First Circuit. Based on this Court's research, the First Circuit has never addressed whether Fourth and Fifth Amendment violations in the context of extradition proceedings should result in a Petitioner's release, or some other remedy. However, the Fourth Amendment requires that warrants be supported by probable cause, and

there is caselaw explaining that the requirements of the Constitution apply to those arrested pursuant to a Treaty. *See Hilton v. Kerry*, 754 F.3d 79, 86 (1st Cir. 2014) (citing *Valenzuela v. United States* 286 F.3d 1223, 1229 (11th Cir. 2002)). Further, in situations where critical information is omitted from warrant requests, the First Circuit has explained as follows:

> A Fourth Amendment violation may be established if a [petitioner] can show that [government officials] acted in reckless disregard, with a "high degree of awareness of [the] probable falsity" of statements made in support of an arrest warrant. Similarly, the intentional or reckless omission of material exculpatory facts from information presented to a magistrate may also amount to a Fourth Amendment violation.

*Burke v. Town of Walpole*, 405 F.3d 66, 81 (1st Cir. 2005) (first quoting *Forest v. Pawtucket Police Dep't,* 377 F.3d 52, 58 (1st Cir. 2004) then citing *DeLoach v. Bevers,* 922 F.2d 618, 622 (10th Cir. 1990)). As explained in the January 14 M&O, the omission that occurred in this case—"intentional or not—is troubling because it is the exact language that could have cast doubt on the existence of probable cause to issue an arrest warrant." ECF No. 39 at 16. Therefore, the Court finds that Petitioner Tok has made a strong showing regarding the likelihood of success on the merits of this issue.

As to the irreparable injury prong, the Court has no reservation in finding that Petitioner Tok would be irreparably injured if this request was denied because if she is extradited while her appeal is pending, the appeal will become moot, and the First Circuit will not weigh in on this important Constitutional question. *See Blasko v. Boyden*, No. 1:18-cv-01649-DAD-SAB (HC), 2022 WL 3969648, at *4 (E.D. Cal. Aug. 31, 2022) (finding a petitioner has shown a strong likelihood of irreparable harm were

3

the court to deny his motion to stay because if the court denies the pending motion and the government extradited petitioner to Slovakia, his appeal would have been rendered moot); *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (same); *Nezirovic v. Holt*, No. 7:13CV428, 2014 WL 3058571, at *2 (W.D. Va. July 7, 2014) (same); *Lindstrom v. Graber,* 203 F.3d 470, 473–74 (7th Cir. 2000) (same).

The last two factors also weigh in favor of granting a stay. The Court acknowledges the Government's position that "the United States has a strong interest in having extradition requests submitted by Türkiye (and other treaty partners) resolved promptly." ECF No. 44 at 12. But any such prompt resolution should not come at the expense of Petitioner's Constitutional and procedural rights. Further, the Government has failed to explain why a "delay" would injure the United States, Türkiye, or any other interested party. Tellingly, the Government has not pointed to a statement from Turkish officials explaining the urgency of returning Petitioner Tok to Türkiye. Nor is there any indication, apart from the instant opposition to a stay, that the United States or any other party would be harmed if Petitioner's stay is granted, and she is allowed to pursue her appeal. Our system of Constitutional and procedural guarantees should not be usurped absent such a showing. In fact, there is a strong public interest in allowing our justice system to play out as it is intended. *See Nken*, 556 U.S. at 427 ("The choice for a reviewing court should not be between justice on the fly or participation in what may be an idle ceremony. The ability to grant interim relief is accordingly not simply a[] historic procedure for preserving

rights during the pendency of an appeal, but also means of ensuring that appellate courts can responsibly fulfill their role in the judicial process.") (cleaned up).

For all these reasons, the Court GRANTS Petitioner Tok's Motion to Stay Extradition pending appeal.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

02/09/2026